UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63165-BLOOM/Valle

ERIC WATKINS,

    Plaintiff,

v.

BSO DEPUTY WILSON DEJESUS *et al.*,

    Defendants.
_____/

### ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Eric Watkins's ("Plaintiff") Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "IFP Motion"). Plaintiff filed this Action against Defendants BSO Deputy Wilson Dejesus and BSO Deputy Supervisor Thomas Hinton (collectively referred to as "Defendants") on December 12, 2018. *See* Compl., ECF No. [1]. For the reasons stated below, the IFP Motion is denied and this matter is dismissed with prejudice.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does

not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted).  This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

The factual allegations that give rise to Plaintiff's lawsuit are as follows:

On December 29, 2014, Plaintiff alleges that he engaged in a "verbal confrontation" with three women outside of a shopping center. *Id.* at ¶ 9.  Plaintiff claims that the women were throwing stones at his car. *Id.* Both parties allegedly called the police. *Id.* Once the police arrived and spoke to everyone involved, Plaintiff claims the responding officers "took the females' side." *Id.* at ¶¶ 10-11.  Plaintiff was told by the officers that he could never patron the shopping center again. *Id.* at ¶ 11.  Plaintiff overheard Deputy Dejesus, one of the responding officers, tell someone on the phone that Plaintiff was a "sex offender." *Id.* at ¶ 14.  Plaintiff told

Deputy Dejesus that he was not a sex offender to which he responded "yes you are." *Id.* Plaintiff claims he then "informed" the officers that they did not have the authority nor the authorization to order Plaintiff to leave the property or to give him a trespass warning. *Id.* at ¶ 15. Deputy Dejesus then showed the Plaintiff a sign posted on the property of Advanced Autos (a store in the shopping center), which stated that "[Broward Sheriff's Office] deputies had authority to [advise] any person to leave the premises, and failure to leave may result in an arrest for trespassing after warning." *Id.* Deputy Dejesus then showed Plaintiff the area where he was prohibited from trespassing in the future, which included the shopping center and the Advanced Autos property. *Id.* at ¶ 16. Plaintiff claims he was never located on the Advanced Autos property, but rather was in the parking lot. *Id.* at ¶ 17. Plaintiff states two causes of action against the Defendants, which include violation of Plaintiff's "due process liberty interest rights" and a claim for defamation. *Id.* at ¶¶ 7-8.

Upon a careful review of Plaintiff's Complaint, the Court has determined it is without a basis to proceed, and further that amendment of the Complaint by the Plaintiff would be futile. Concerning Plaintiff's claim that his liberty interests have in some way been infringed upon or violated, the Court finds Plaintiff has failed to plead a cognizable claim within the federal question jurisdiction of this Court. With respect to count one, Plaintiff relies on *Catron v. City of St. Petersburg,* 658 F.3d 1260 (11th Cir. 2011), which involved the rights of homeless individuals to be in public parks or on other city lands. 658 F.3d 1260, 1266 (11th Cir. 2011). Unlike *Catron v. City of St. Petersburg*, this matter arises from an incident that took place on private property, and no public land is implicated by the issuance of a trespass warning at this location. Accordingly, Plaintiff's reliance on *Catron* is misplaced and inapplicable to the facts that give rise to his lawsuit. Further, Plaintiff is attempting to allege that the issuance of

a trespass warning itself is unconstitutional. However, count one must fail because he does not identify any right to trespass on private property. *See generally Moran v. Cameron,* 362 Fed. Appx. 88 (11th Cir. 2010); *see also Watkins v. Elmore,* 589 Fed.Appx. 524 (11th Cir. 2015). Accordingly, count one must be dismissed.

Plaintiff's defamation claim, count two, also suffers from a fatal defect. In Florida, the statute of limitations applicable to a defamation claim is two years. *Bloom v. Alvereze*, 498 Fed.Appx. 867, 877 (11th Cir. 2012) (citing Fla. Stat. § 95.11(4)(g)). Plaintiff's defamation claim arises from the allegation that Plaintiff overheard Deputy Dejesus on the phone telling an unidentified person that Plaintiff was "crazy" and a "registered sex offender." ECF No. [1], at ¶ 14. Plaintiff asserts that he is not a registered sex offender. *Id.* Even assuming all of the facts as true, as the Court must at this stage, any claim for defamation based on the date of the alleged incident must have been filed no later than December 29, 2016. Plaintiff filed his Complaint on December 29, 2018, well after the expiration of the statute of limitations for his defamation claim. As a result, count two of Plaintiff's Complaint must also be dismissed.

As noted above, the defects of Plaintiff's Complaint cannot be cured by amendment. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **ECF No. [3],** is **DENIED.**
2. The Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE.**
3. The Clerk is instructed to **CLOSE** this case.

Case No. 18-cv-63165-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 3${}^{rd}$ day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric Watkins
7990 Hampton Blvd, Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com