# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63165-BLOOM/Valle

ERIC WATKINS,

    Plaintiff,

v.

BSO DEPUTY, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Eric Watkins's ("Plaintiff") Motion for Reconsideration, ECF No. [6] (the "Motion"). The Court has carefully reviewed the Motion, the record in the case and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 691 (M.D. Fla. 1994)). On the

other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

Here, Plaintiff seeks reconsideration of the Court's Order dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's Motion to proceed *in forma pauperis* (the "Order"), ECF No. [5]. In the Motion, Plaintiff argues that the Court erred in dismissing the above-referenced action because was regard to his substantive due process claim, he has a "substantive liberty interest in being on property generally open to the public" and because his defamation claim was not barred by the statute of limitations. ECF No. [6], 4-6.

As an initial matter, Plaintiff has failed to meet his burden for reconsideration of the Court's Order, as he has not demonstrated any of the three grounds necessary for the extraordinary remedy of reconsideration to be employed. In essence, Plaintiff's Motion urges the Court to reconsider its ruling "because [he disagrees] with the Court's treatment of certain facts and its legal conclusions." *Michael Linet, Inc. v. Village of Wellington*, Fla., 408 F.3d 757, 763 (11th Cir. 2005). This basis is sufficient to deny the Motion for Reconsideration, as motions for reconsideration cannot be used to relitigate old matters. Plaintiff's Motion requests that this Court rethink what it has already considered.

Secondly, Plaintiff argues that the Court erred in dismissing his claim because he has "substantive liberty interest right in being on property generally open to the public." ECF No. [6], at 6. The Court notes that Plaintiff is no stranger to this Court, having initiated over thirty cases in the last six years, nor is it the first time that Plaintiff has asserted that he has a liberty interest in being present on private property. In *Watkins v. Elmore*, the Eleventh Circuit Court of Appeals rejected this same argument made by the Plaintiff in another case he filed against a different law enforcement agency, and affirmed the district court's dismissal of his lawsuit

finding that "[t]he district court correctly dismissed Watkins's complaint. Watkins failed to state that the officers deprived him of a constitutionally protected interest in liberty or property without notice or an opportunity . . . Watkins did not have a legitimate interest in parking his vehicle on private property." *Watkins v. Elmore*, 589 F. App'x 524, 524-525 (11th Cir. 2015).

Finally, Plaintiff's argument regarding his defamation claim is equally unavailing. Plaintiff claims that his defamation claim is not barred by the applicable statute of limitations because the defamation is "ongoing," and because the defamatory statement is still available in the "permanent public records." ECF No. [6], at 6. Plaintiff is incorrect. It is well-settled that a cause of action for defamation accrues on the date of publication, not the date of a party's discovery. *See Norkin v. The Fla. Bar*, 311 F. Supp. 3d 1299, 1304 (S.D. Fla. 2018) (citing *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113 (Fla. 1993); *see also* Fla. Stat. § 770.07 ("The cause of action for damages founded upon a single publication or exhibition or utterance, as described in s. 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state.").

Accordingly, Plaintiff has not met his burden on reconsideration, and it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration, **ECF No. [6]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

Eric Watkins
7990 Hampton Blvd., Apt. 110
North Lauderdale, FL 33068